**In re COLUMBIA PACKING COMPANY, Debtor.**

**Bankruptcy No. 83–260–HL.**

United States Bankruptcy Court, D. Massachusetts.

May 20, 1983.

Whitton E. Norris, III, Peabody & Brown, Boston, Mass., for debtor.

Nathan S. Paven, Quincy, Mass., for Local 592 UFCW, AFL–CIO.

## MEMORANDUM IN SUPPORT OF DENIAL OF MOTION FOR ORDER OF PAYMENT OF WORKMEN'S COMPENSATION BENEFITS

HAROLD LAVIEN, Bankruptcy Judge.

Columbia Packing Co., ("Columbia" or "debtor") filed a voluntary petition for reorganization under Chapter 11 of the Bankruptcy Code on February 28, 1983. This matter came before the Court on the motion for order for payment of workmen's compensation benefits by two individuals who had been injured while in the employ of the debtor. Both of these individuals had been receiving workmen's compensation benefits from the company. On or about February 8, 1983, the payment of these benefits was terminated by Columbia.

A hearing was held on April 21, 1983 on the above motions. The following facts were represented to the Court and are not in dispute. The debtor was a self-insurer[1] under the Massachusetts Workmen's Compensation Act, Mass.Gen.Laws ch. 152 § 25A. In order to be in compliance with the Massachusetts statute, the debtor was bonded by the Utica Mutual Insurance Company. At the hearing, it was represented to the Court that if the Court did not permit the debtor to pay the workmen's

1. On February 28, 1983, the debtor ceased being a self-funder. However, that change does not affect the determination of this dispute.

compensation benefits, then the Massachusetts Industrial Accident Board would call the bond. The moving parties represented that the Industrial Accident Board would not act until some order of the Bankruptcy Court was issued either permitting the debtor to make the payments, whereby the bond would not be called, or not allowing the debtor to make the payments, whereby the bond would be called. Because the individual claimants were suffering a hardship since they were receiving no payments, the Court rather than await its memorandum, entered its Order denying the motions on April 29, 1983. This memorandum encompasses the findings and rulings in support of that Order.

Anna Leibowitz, an alleged indemnitor of Utica Mutual Insurance Company, has filed a memorandum in support of the motions for payment of workmen's compensation benefits. The Creditors' Committee has filed a memorandum in opposition to any such payment being permitted.

The issue presented is what is the status of claims for workmen's compensation benefits in a bankruptcy proceeding. The guarantor of the bond argues that the claims are priority tax claims and not general unsecured claims. In *In re Pan American Paper Mills, Inc.,* 618 F.2d 159 (1st Cir.1980) (*Pan American*) the court held that unpaid insurance premiums to the State Insurance Fund were entitled to priority under § 64(a)(4) of the Bankruptcy Act of 1898. The *Pan American* case does not apply here because these claims are not claims being made by the Commonwealth of Massachusetts on behalf of a state insurance fund. Unlike Puerto Rico, the Commonwealth of Massachusetts, does not administer its workmen's compensation laws through a state insurance fund. *See* Mass. Gen.Laws ch. 152 § 25A. (An employer either obtains insurance from an insurer or qualifies as a self-funder backed by a bond or other similar security).

In the *Pan American* case Puerto Rico administered its workmen's compensation laws by requiring the employer to pay a premium to a state insurance fund. If the employer failed to pay, the Manager of the state insurance fund was permitted to assess and levy on and collect from the employer the unpaid premiums. *Pan American, supra,* at 162, defined taxes as "those pecuniary obligations laid upon individuals or their property, regardless of their consent, for the purpose of defraying the expenses of government or of undertakings authorized by it." In this case, Columbia is not liable to the state for unpaid premiums, but is liable to the individual employee for his or her claimed benefit. If the employee's claims go unpaid in Massachusetts, Massachusetts will seek to enforce those claims against the bond. None of the characteristics of a tax such as direct assessment by the state or the arising of an automatic lien exist. There is no basis to find that these pre-filing claims would be entitled to priority. *See In re Payne,* 27 B.R. 809 (Bkrtcy.D.Kan.1983) (insolvent employer's obligation under Kansas Worker's Compensation Act not entitled to priority as a tax). Since the claims are not a tax, these pre-filing claims are general unsecured claims. *See In re Transamerica Freight Lines, Inc.,* 4 B.C.D. 82 (E.D.Mich. 1978) (pre-filing workers' compensation claims not an expense of administration); *In re REA Express, Inc.,* 442 F.Supp. 71 (S.D.N.Y.1977) *affirmed,* 591 F.2d 1331 (2nd Cir.1978).

The case of *In re Mansfield Tire & Rubber Co.,* 660 F.2d 1108 (6th Cir.1981) cited by the alleged guarantor is inapposite. In that case, the Sixth Circuit determined that the State of Ohio was not subject to the automatic stay of § 362 in administering the workmen's compensation laws. The Court, however, specifically stated that its decision would not carry the effect of allowing the claims which arose out of the self-insurer status of the Mansfield Tire & Rubber Company.

I find that the workmen's compensation claims which arose prefiling when Columbia was a self-insurer are general unsecured claims. Therefore, the motions for order of payment are denied.