Calvin G. GRANTHAM, Gina K. Grantham, Ricky A. Halvorson, David Sauls, Bernice Vincent, Richard Warren and Gray & Company, Inc., Plaintiff(s)

v.

EASTERN MARINE, INC., Defendant,

Bay Bank & Trust Company, Intervenor.

Bankruptcy No. 87–9044.

United States Bankruptcy Court,
N.D. Florida,
Panama City Division.

Dec. 6, 1988.

Edwin Hudson, Tallahassee, Fla., for plaintiff.

Russell Stewart and William Atkinson, Jr., Panama City, Fla., for defendant.

## ORDER

LEWIS M. KILLIAN, Jr.,
Bankruptcy Judge.

This case is before the Court on Rule 56 cross-motions for summary judgment filed by Plaintiffs and Intervenor Bay Bank. The underlying facts are not in dispute. Plaintiffs are seeking a determination that benefits payable under the Longshore and Harbor Workers Compensation Act (LSHWCA) are administrative expenses under Section 503 of the Bankruptcy Code. Bay Bank, a secured creditor, intervened in this proceeding and argues the opposite proposition. The parties were orally heard on July 29, 1988, and post-hearing memoranda have been filed. For the reasons explained below, the Court determines that benefits paid under the LSHWCA are not properly treated as administrative expenses.

The individual plaintiffs, Calvin and Gina Grantham, Ricky Halvorson, David Sauls, Bernice Vincent and Richard Warren are former employees of the Debtor who submitted claims under LSHWCA and received benefit payments from Gray & Company. Each was injured before Eastern Marine filed for reorganization. The LSHWCA was enacted to provide compensation to employees engaged in maritime employment for disability or death resulting from injuries occurring upon the navigable waters of the United States. *Noguiera v. New York N.H. & H.R. Co.*, 281 U.S. 128, 131, 50 S.Ct. 303, 304, 74 L.Ed. 754 (1930). An employer may provide compensation insurance or may act as a self-insured, provided adequate assurance of coverage is furnished. Plaintiff Gray & Company, Inc. is the administrator of the Debtor's self-insurance plan established to provide the LSHWCA benefits required by 33 U.S.C. § 901, *et seq.*

In 1984, Eastern Marine entered into a contract with Gray & Company to effect a self-insurance plan in which Eastern Marine retained a portion of the risk, and excess coverage was provided by liability insurance. Under the plan, Eastern Marine was obligated to fund a Joint Escrow/Fund Loss Account, administered by Gray and Company, from which benefits were paid. Checks drawn on the account were signed jointly by Gray and Eastern Marine. Under the plan, Eastern Marine directly paid claims until a specified threshold amount was reached. Thereafter, liability insurance paid the balance of claims exceeding the threshold.

The excess liability policies were cancelled in January 1986 for Eastern Marine's non-payment of premiums. Deposits to the Joint Escrow/Fund Loss Account ceased shortly before Eastern Marine filed for reorganization in January of 1987. All Plaintiffs were listed as general unsecured creditors on Eastern Marine's bankruptcy schedules. Gray & Company, without prior court approval, continued to make benefit payments and advance funds necessary to make those payments, even after the bankruptcy petition was filed. Gray & Company has advanced the amount of $118,298.19 in benefit payments.

Section 503(b)(1)(A) of the Bankruptcy Code, which governs the payment of administrative expenses, provides in pertinent part as follows:

§ 503. Allowance of Administrative expenses

(b) After notice and a hearing, there shall be allowed administrative expenses ... including

(1)(A) the actual, necessary costs and expenses of preserving the estate....

The Eleventh Circuit, in *In re Subscription Television of Greater Atlanta*, 789 F.2d 1530 (11th Cir.1986), determined:

The priority of an administrative expense is the highest. 11 U.S.C. Section 507(a)(1). The allowance of such a priority is to be carefully considered, only after notice and hearing. 11 U.S.C. Section 503(b). That which is actually utilized by a trustee in the operation of a debtor's business is a necessary cost and expense

of preserving the estate and should be accorded the priority of an administrative expense. That which is thought to have some potential benefit, in that it makes a business more salable, may be a benefit but is too speculative to be allowed as an "actual, necessary cost and expense of preserving the estate."

\* \* \* \* \* \*

As the district court held, ... "there must be an actual, concrete benefit to the estate before a claim is allowable ..." as an administrative expense. *Broadcast Corp. of Georgia v. Broadfoot,* 54 B.R. [606] at 613. [N.D.Ga.1985]

789 F.2d at 1532.

The Bankruptcy Court in *In re O.P.M. Leasing Servs., Inc.,* 23 B.R. 104, 121 (Bkrtcy.S.D.N.Y.1982) explained administrative expenses as:

Section 503(b)(1)(A) defines administrative expenses as the actual and necessary costs and expenses of preserving the estate. It is well-established that those expenses incurred to preserve the estate for the benefit of *all* creditors are compensable as administrative expenses. Where a creditor incurs expenses primarily in its own interest, this creditor is not entitled to a priority administrative claim.

In addition, the wording of Section 503(b)(1)(A) defining administrative expenses as those that are "actual" and "necessary" limits the scope of these expenses. These modifiers must be narrowly construed, *see 3 Collier on Bankruptcy,* Parag. 503.04 at 503–16 (15th Ed.1982), in order to keep fees and administrative expenses at a minimum so as to preserve the estate for the benefit of all its creditors. Therefore, courts analyze the impact of these expenses to insure that the expenses did in fact confer actual value on the estate as a whole.

*Id.* at 121 (emphasis in original) (citations omitted).

■ It is well established that Section 503 should be narrowly construed to keep administrative costs to a minimum and thereby further the Debtor's rehabilitation, *In re America International Airways, Inc.,* 77 B.R. 490 (Bkrtcy.E.D.Pa.1987). Minimizing administrative costs helps to preserve a debtor's scarce resources. *In re Grant Broadcasting of Philadelphia,* 71 B.R. 891 (Bkrtcy E.D.Penn.1987).

The Court, therefore, must find the funds expended conferred an "actual, concrete benefit to the estate" to be allowed as an administrative expense. *In re Subscription Television of Greater Atlanta, supra.* Gray & Company advanced funds on behalf of Eastern Marine, but those funds did not benefit all creditors of the estate. The funds advanced did not "confer actual value on the estate as a whole", as described by *In re O.P.M. Leasing, supra,* to support classification of the funds as administrative expenses.

■ LSHWCA benefits are analogous to workmen's compensation benefits. While there is no Eleventh Circuit opinion on point, a number of courts have held pre-filing workmen's compensation claims are not administrative expenses, *In re REA Express, Inc.,* 442 F.Supp. 71 (S.D.N.Y.1977) *affirmed,* 591 F.2d 1331 (2d Cir.1978); *In re Payne,* 27 B.R. 809 Bkrtcy.D.Kan.1983); *In re Transamerica Freight Lines, Inc.,* 4 B.C.D. 82 (E.D.Mich.1978); *In re Columbia Packing Co.,* 34 B.R. 403 (Bkrtcy.D.Mass. 1983).

The only bankruptcy decision giving priority status to LSHWCA benefits was the 1939 case of *In re Charles Nelson Co.,* 29 F.Supp. 56 (N.D.Cal.1939). The court in the *Nelson* case relied upon a unique provision of the LSHWCA (33 U.S.C. § 917(a)) which equated benefit payments to claims for unpaid wages. That particular provision was repealed in 1938.

The Court can discern no substantial difference between workmen's compensation and LSHWCA benefits [1] and the parties have shown none. Accordingly, Plaintiffs claims will be treated as general unsecured claims.

*McGowan v. General Dynamics Corp.,* 546 A.2d 893 (Conn.App.1988).

---

**1.** In fact, some courts have treated the two kinds of payments substantially the same.

Rule 56[2] of the Federal Rules of Civil Procedure governs summary judgment in adversary proceedings. The summary judgment rule is intended to eliminate the need for a trial in cases where the facts are not in dispute. See, *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986):

> Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed "to secure the just, speedy and inexpensive determination of every action." Fed.R.Civ.Proc. 1.

477 U.S. at 327, 106 S.Ct. at 2555, 91 L.Ed. 2d at 276 (citations omitted).

Summary judgment is proper where, as here, the facts are uncontested and the moving party is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

While the classification of LSHWCA payments as administrative expenses has some superficial appeal, equitable considerations cannot be relied upon to vary statutory provisions of the Bankruptcy Code. *In re Central Foundry Co.*, 62 B.R. at 56. While the Plaintiffs certainly have valid claims for payment by Eastern Marine, there is no legal basis for changing the order of priority established by the Bankruptcy Code. Accordingly, it is

ORDERED that Plaintiffs' motion for summary judgment is DENIED, and Intervenor's motion for summary judgment is GRANTED. Plaintiffs' claims will be treated as general unsecured claims.

DONE AND ORDERED.

---

**2.** Bankruptcy Rule 7056 adopts Rule 56 of the Federal Rules of Civil Procedure. Rule 56(c) provides in relevant part: "The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."